Thank you, your honor. Good morning and may it please the court. My name is Paige Tomaselli and I'm here today on behalf of Appellants Friends of the Earth and Center for Food Safety. With this court's permission, I would like to reserve five minutes of my time for rebuttal. This appeal is about public interest organizations' access to the courts. After two years of litigation, appellants were on the verge of moving for summary judgment when Sanderson filed this fifth motion to dismiss, asserting a novel theory of expanding the traceability prong of the standing analysis beyond what the Supreme Court requires. This case is about more than an advertising campaign. Appellants pled violations of the unfair competition law and the false advertising law, alleging that Sanderson engaged in unethical, unscrupulous, and unfair practices that are injurious to consumers and that it made false and misleading statements about how it raises and produces its chicken. Yet for purposes of broader unfair competition law claim and ruled contrary to Supreme Court precedent that the diversion of resources injury in a case with a false advertising claim must address advertising. This is reversible error. This court affirms the district court's decision. I'd like to ask you because there's a lot of confusion I think in terms of positions taken below and in the depositions and then in the briefing. So beginning with your first point, I just wanted to clarify is your unfair competition claim based on violation of the false advertising? It's based in so there are three prongs to the unfair competition law. The unfair prong, the fraudulent prong, and the unlawful prong. The unlawful prong is based on a violation of the unfair and unethical practices and that it made false and misleading statements about those practices. And as your honor likely knows and the unfair competition law specifically states that the as used in this chapter unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising. So false advertising is also subsumed by the unfair competition law claim. So we argue that the unfair competition law is more broad than the false advertising law. It's broad. It may be more broad but the question is what is the claim here with respect to unfair competition? Because I also see some variation in the briefing. At one point it seems to be that it's the conduct of how the farm is run versus representations made about their products. So which is it? It's both. It's both the conduct, it's the practices, and the false statements about the practices. And both are encompassed in the complaint. There are allegations about the practices themselves as well as allegations that the Sanderson Farms made false statements about its practices. And where in the district court did you argue that it was the conduct of how they conducted farming was a basis for the claim? Because I'm seeing statements that say the question is whether the false advertising frustrated missions and whether the diverted resources result of the false advertising. And I see that throughout the briefing but I don't see the claim that it's because of the conduct at the farm. But I might be missing something so I'm just asking for you to point me to that in the record. Right, so for purposes of standing we did argue in our opposition to the to the 12-3 motion. We discussed unfair competition case law and argued that the practices and the advertising are linked so that for standing purposes you can't you cannot artificially bifurcate the practices from the advertisements and that's in the 12-H-3 motion. And I could provide you the citations there in a moment as well as we argued that at the at the hearing at the district court. So our argument has always been that the two the practices and the advertisements are are linked in such that standing needs to be evaluated with respect to both. Can I explore that a little bit further with you because I'm not sure I'm quite understanding where the district court erred in its analysis that the UCL claim is really based in false advertising because even though there were arguments made that the husbandry practices were unfair, I thought that the misrepresentation in terms of the false advertising was still really core to the unfairness claim because the unfairness is the fact that consumers will be misled by the representation or the misrepresentation that the product is a hundred percent natural. So of course it just boils down to the to the facts but the way that you argued it I thought the district court fairly based on what's presented to him said okay well the misrepresentation is really core to the UCL claim even as to the unfair wrong so where was the error in that analysis? Yes your honor so the to be clear the the misrepresentations are core to our unfair competition law claim they are part of the unfair competition law claim and we're not trying to represent something different that is definitely part of our claim that Sanderson's practices and its public statements about its is that it created an artificially narrow view of article three standing because it it basically said that the content of the diversion of resources so what the appellant said in response to Sanderson's public statements must specifically mention advertising versus the practices that are the content of the advertising and that that's at er009 in the district court's order that that the diversion must specifically address advertising as opposed to practices and so there the district court was even suggesting that that appellants had diverted resources based on Sanderson's practices but not the advertisement and that's where the district court erred because it created a subject matter nexus between the the article three injury and the claim versus just applying the fairly traceable factor from Lujan and on the diversion of resources point your honor the appellants did divert resources to counteract the effects of Sanderson's advertising first of all as early as august 4th 2015 appellants became aware of Sanderson's misleading public statements denying that antibiotic resistance was a problem and defending unethical business practices and the public state statements showed that Sanderson was ignoring science from the white house advisory panel and the cdc about antibiotic resistance and these unethical statements and misleading public statements they frustrated appellants missions to promote truth and transparency in agriculture and then on august 1st 2016 Sanderson issued another public statement in the new york times and confirmed that unlike every other major chicken corporation chicken producer at that time it would not reduce or eliminate the use of antibiotics and this newest public statement called antibiotic free meat a marketing gimmick and it criticized other chicken producers for charging higher prices and appellants immediately coordinated an organized effort in response they investigated Sanderson's public statements that's at er 162 through 167 they researched its website that's at er 204 they reviewed its brand new deceptive ad campaign that's at er 202 and then they diverted resources by publishing blogs sending emails to hundreds of members with a call to action to dump Sanderson farms they posted on social media about Sanderson's business practices and they had strategy on this issue is it just a question of degree because weren't there uh prior established campaigns outside of this relevant period that the district court um found i think august august one was the beginning of that time period weren't there established campaigns to kind of publicize the truth about antibiotics and chicken before that and are you talking about just a question of degree that the efforts increased and we're to scout the record to see whether there's been a meaningful increase in activity uh the so yes your honor the appellants have never denied that they were working on antibiotics issues before this august 1st 2016 um time period and that in fact um it was at this time that they did they increased uh their diversion of resources so they they spent additional resources that they otherwise would not have spent but for Sanderson's public statements um they for the first time called out Sanderson farms in its in its in their public statements um and uh they increased the amount of um to have resources and staff time that they were putting toward this issue and moreover because Sanderson farms was that was the last holdout of all of the chicken companies not or eliminating antibiotic use the efforts focused entirely on Sanderson farms at this point so they increased their addition they increased their resources and they focused their efforts on Sanderson farms which under this court's precedent is a diversion of resources do you want to reserve your remaining time yes your honor i will reserve the you mr glick you may proceed mr glick you're muted thank you judge uh McEwen and may it please the court for the record Michael Glick of Kirkland Ellis for Sanderson farms in a well-reasoned fact-based decision the district court confirmed what a year-long discovery record in this case made clear the advocacy organizations who sued Sanderson in 2017 alleging false advertising did not suffer injuries that were fairly traceable to the conduct that they were challenging below which again was Sanderson's allegedly false advertising and therefore they lacked article 3 standing to sue in federal court that decision was unassailable and should be affirmed not only did it track well-settled legal precedent for article 3 from both this court and the supreme court but perhaps more important to this appeal the district court's factual findings related to jurisdiction which were in its purview at this stage of the case were not clearly erroneous as this court requires that is they were not illogical they were not implausible and they are not without support from the record those fact determinations were right at the heart of the district court's discretion and they were not clearly erroneous if i could zero in on just a few points at the outset the first is i want to dispel the notion that this was anything but a false advertising case that's all it ever was from the opening day the appellants filed this case they issued a press release touting that they were suing Sanderson for false advertising and that continued through repeated judicial statements and pleadings to the magistrate judge to the district court judge even to a panel of this court in mandamus briefing related to a discovery issue in every single pleading before their opening brief on appeal they characterized this case exclusively as a false advertising case and judge McEwen you hit on the key statement in opposing the very motion that plaintiffs are appealing from now they stated this is at er 80 to 81 and this is the question that they they themselves asked the district court to answer the question is whether the false advertising frustrated plaintiff's mission and whether plaintiffs diverted resources as a result of the false advertising that was the question they asked the court then reviewed a detailed discovery record including over 50 exhibits and and determined again in a well-reasoned opinion the answer to that question as a factual matter was no and again if you look at the complaint itself you need look no further than the opening action for declaratory and equitable relief under california's ucl and fal challenging sanderson's defendant sanderson's advertising of its chicken products as 100 natural if you look at the very first substantive paragraph in their uh ucl uh claim for relief this is paragraph 84 uh it's at uh in the excerpts of record sanderson engaged in unlawful unfair and or as 100 natural we we don't dispute that sanderson's practices are relevant but what they're challenging here is the misrepresentation the alleged misrepresentation the broadcasting that which the public statements that sanderson is making are vile are different from the practices themselves that is all the case was ever about and the reason that is relevant is this court's precedents the supreme court's precedents talk about i'm talking about the smith case from 2004 the appellants need to demonstrate a diversion of resources to combat the particular conduct in question all the particular conduct in question ever was in this case was false advertising the second point i'd like to make up front which sort of dovetails with my first point is that anything that happened prior to august 1st 2016 cannot constitute a diversion uh and miss tomaselli was was clear on that at oral argument before the district court this is at er 20 quote we would say there is no diversion of resources before august 1st 2016 full stop no distinguishing and the reason for that is that was the date that they themselves in interrogatory responses in deposition responses and again miss tomaselli at lines 14 to 15 on er 20 repeated that uh at oral argument and and so the notion that miss tomaselli talks about of well they learned things in 2015 and started started doing certain things at that point in time that only reaffirms that that they continued on a consistent through line all the way through the case but before they knew of the advertising and after they learned of the advertising and the final point how does that square uh with her suggestion that at er 204 and 202 plus the various blogs there was this affirmative effort about dumping sanderson farms because of its antibiotic practice well your honor actually that actually leads to my third point which is those suggestions are are nothing but revisionist history after the fact and as the district court noted there was a complete lack of contemporaneous documents or other evidence that remotely confirmed that the few activities that they point to from after august 1st 2016 were traceable to sanderson's advertising i believe in the in the briefing they referred to it as a direct attack or a push in response to the ads and that just wasn't borne out by the record that was again squarely within the district court's purview at this stage of the case and um you know for instance there were no stuff like internal emails within either organization saying hey check out um check out sanderson's new ad campaign we really ought to do something in response there were no internal memoranda no internal reports no briefings to leadership no minutes of meetings or calls or anything like that uh there was a suggestion in one of the declarations which we think were improperly submitted uh in violation of a pretty express discovery stipulation in the first place but there was a suggestion that one employee had no time records no emails no phone records no reports you know nothing at all and the district court again this was at a stage of the case uh it was after fact discovery had been concluded and this was what is known as a factual attack on subject matter jurisdiction brought under 12b1 and at this stage of the case uh the ninth circuit is very clear that the district court becomes the finder of fact and can resolve jurisdictional disputes uh related to subject matter jurisdiction calls including as related to standing uh this court has found that repeatedly uh that's laid out in uh mr glick let me ask you there's a lot of briefing on what was said in depositions versus what was said in the affidavits and what did the district court do with that in your view is this and he cited a sham uh declaration case is is should the case be analyzed simply as the district court weighing the evidence in connection with a jurisdictional attack or does the sham declaration principle come into play here well we think that that we should prevail either way under either test we think the fairest reading of the district court's opinion is that he did take the declarations into account uh he reviewed them in various places and just held that what they said was both inconsistent with the deposition testimony and he also had a statement i believe on page eight of the opinion um that they were not corroborated uh or sorry page seven of the opinion not corroborated by the record as a whole so again the district court was permitted at this stage and the other thing i would note at the last stage of his uh last page of his opinion page nine um you know we had raised various what we call evidentiary challenges to some of the evidence including the declarations that the appellants had put in in their opposition brief and at the end of the opinion this is section d of the opinion on page nine the district court made clear that he was finding those evidentiary challenges to be moot because quote none of the evidence in the record establishes plaintiffs and that would include the declarations because which he cites as as uh as example one uh right there uh again at this stage the ninth circuit is clear that in response to a factual attack the district court can resolve factual disputes for itself when the facts that that relate to subject matter jurisdiction aren't intertwined or intermeshed with the with the merits of plaintiff's claim and that's certainly the case here the merits of their claim relate to advertised anderson's advertising and if you listen to them even today relate to sanderson's practices but that has nothing to do with the entirely separate question of what did appellants as organizations do and again the ninth circuit is clear we have the light ev crane case uh from uh 2014 cited on page 8 of our brief the kingman reef case from 2008 the thornhill publishing case from uh from uh 1979 um and again all of those factual determinations were well within the discretion of the district court and are entitled to this court's uh deferential standard of review which has again been set forth in in numerous cases uh over time and you know and i think that the the cases that um the uh appellants have relied upon here reflect that there has to be something new there has to be something additional um the the most recent um precedential opinion addressing third-party standing was last year's opinion in the american diabetes association case uh and i would note that case came out about seven weeks after judge seaborg's uh well-reasoned opinion in the district court uh and and it might as well have come out before judge seaborg's opinion because it tracked the exact same standard and it tracked the exact same rules in fact both judge seaborg and later judge hawkins in the in business as usual to describe um both both organizations activities in both cases and as the as the uh court in um in the american diabetes case noted that you know that the only resource allocation that the uh organization had uh noted in that case was something they were already doing already and so um you know plaintiffs here are self-described advocacy organizations and the the you know few stray references to sanderson that they identify from those activities just simply are our business as usual and if i could just give give just give one example um last week i don't know if um uh your honors uh received word of this but last week plaintiffs filed uh a supplemental excerpts of record uh and it was a blog post that uh was published in august of 2016 and as i opened the document i looked at it at their index and it and it refers to from august 3rd of 2016 and it refers to a quote in the index a quote recalcitrant sanderson farms blog and i said you know i've been involved in this case for a while i wasn't aware of a blog that like that and i looked at it and it was the same exact thing that they had provided to the district court that the district court had the opportunity to review and address and it's quite frankly you know nothing of the sort the blog post that they identify is titled a hundred percent of mcdonald's chicken now raised without antibiotics the entire blog post is about mcdonald's a a a restaurant that sanderson uh has not supplied chicken to in recent memory certainly not this century and you'd have to go all the way down to the sixth paragraph of this multi-page blog post for a single reference to sanderson and even then not even sanderson's advertising so you know in our view this sort of submission and referring to this as a recalcitrant sanderson farms blog post is quite frankly just a microcosm of the whole appeal uh which is appellants effort to reimagine activities years down the road point back in time and say those are fairly traceable uh to the advertising when again there's nothing in the contemporaneous record that was all you know laid bare before the district court um that that confirms that and so you know in our view your honors unless you have further questions at the end of the day appellants you know made broad allegations at the early stage of this case and i want to be clear you know um miss tomaselli referred to this as the fifth motion to dismiss this this isn't a case where the district court didn't give them their day in court and didn't give them their opportunity to be heard um at the pleading stage yes he found uh the district court found that they had broadly alleged um a a plausible view of diversion of resources standing but after discovery the district court was no longer required to just rely upon those broad allegations uh and instead was entitled to take the entire record under review under this court's uh clear precedent uh and it determined again as a factual matter uh subject to this court's substantial deference that the claim diversion of resources were not traceable to the challenge conduct here which was unequivocally throughout the case sanderson's advertising uh and he further concluded that appellants attempts to sort of reverse engineer rationales for their conduct through through their declarations which again were not supported by the rest of the discovery record um were were were improper and the district court's decision in that regard was uh not an abuse of discretion it was not clearly erroneous um so unless the um the panel has any further questions uh i'm happy to uh to conclude here and and request that you uh affirm the district court's well-reasoned ruling appears there's no further questions thank you excuse me i was on mute um thank you your honor i'd like to point to the theme of what mr glick is saying because it's absolutely relevant to our argument on appeal mr glick keeps saying that the uh the conduct or sorry the diversion of activities was not traceable to the advertising to the advertising but he gives a very narrow view of what advertising is and the false advertising law is broad and it's quite specific that it's unlawful to make or disseminate in any newspaper or other publication or any any advertising device or by public outcry or proclamation or in any other manner or means whatsoever including over the internet any statement which is untrue or misleading now we have identified that on august 1st 2016 sanderson farms joe sanderson issued statements in the new york times that plaintiffs uh the appellants reacted to that they spent additional resources counteracting the effects of those public statements and that's and there are contemporary erroneous emails in the record specifically discussing that new york times article again i point to er 160 through 167 those are emails about the statements that mr sanderson made in the new york times talking about the strategy that uh the appellants would employ in order to combat the effects of those statements and so that the distinction here is that that sanderson would like to to couch this in terms of an advertising campaign like something you'd see on the television but it's about more than just a that specific new york times article which caused absolutely caused appellants to counteract the effects of that um and cause them to expand additional resources so um everything tiered off of that new york can you just remind me again of the date on that new york times august 1st 2016 and so and that is the date that we said that we began to divert resources and anything that happened before was a frustration of mission but not a diversion of resources um i'd also like to address the um so i'd like to point the court to the supreme court in duke power and then this court's precedent in in a duke uh desert citizens against pollution v bison because both of these cases are relevant to show that while something needs to be fairly traceable it doesn't have to have a subject matter nexus and what mr glick is trying to require here is a subject matter nexus between the injury in injury in fact and the cause of action instead of just being traceable tearing off of that here the diversion of resources talked about practices because that was in the public interest groups idea of how to best counteract the effects of those statements that sanderson was making they didn't call out sanderson for falsely advertising but they called out their practices as being misleading and as being recalcitrant they called out their also like to um address the american diabetes case because i think that case supports appellants there the just the uh this this court held that in um answering a phone call in the due course of business is not a diversion of resources but the court went on to say that had that staff attorney spent additional time adding answering phone calls that that would be a diversion of appellants spent additional time and additional resources on this work in order to counteract the effects of sanderson's statements do you have do you have specific findings of the district court that you challenge as being clearly erroneous we are not challenging the district court's finding of fact we're challenging the district court's application of law here i just wanted to understand what your position is so you're not challenging any of the district court's findings it's simply the legal conclusions that come from those findings exactly the district court found that certain activities did not specifically mention advertising and we're not challenging that fact we that we have never said that uh any of the diversion activities specifically mention advertising what we're saying is they didn't have to mention advertising to be a diversion of resources um with my remaining time i'd like to just briefly um touch on the declarations because this court's case in dryer the united states said that um uh the district court should take the declarations as true or view the light in the evidence most favorable to the non-moving party and he didn't do that the district court didn't do that here is that does that case involve a situation where there was a prior deposition um i i cannot recall your honor i i apologize i don't think so because i mean i think the issue here is not the normal crediting of testimony it's the collision of the deposition and the declaration sure and i would point the court to van asdale where the court basically specifically said that at this stage of the litigation which is essentially the summary judgment stage of litigation the court is not to make a credibility determination at the stage of litigation and the proper course of action would be for the court to have an evidentiary hearing allow for cross-examination of the witnesses if there is a truly a factual dispute which appellants allege that there that there is that that sanderson created an a narrow record at the deposition if you ask for an evidentiary hearing we did not ask for an evidentiary hearing no we did not but it would be the proper course of action because the the district court didn't view the evidence in the light most favorable to the non-moving party which is here was was thank you um sanderson has manufactured here a jurisdictional issue where none exists appellants have expended additional resources to counteract the effects of sanderson's misleading public statements about its business practices appellants diversion of resources are directly traceable to sanderson's actions there are statements in the new york times article so this court should reverse the district court's decision and remand for a decision on the merits thank you i'd like to thank both council for your very helpful argument this morning and also the briefing which is very nicely done the case just argued is submitted and the next next case for argument will be the national parks conservation association versus sperk
judges: McKeown, Nguyen, Whaley